### Chicago & E. I. R. R. Co. v. Louis Neimann.

1. CARRIERS— *Misdelivery of Consignments.* — Where a defective marking or direction of a consignment of goods is due to the carrier's fault, it is responsible for any misdelivery occurring in consequence thereof.

**Assumpsit,** for goods lost by a carrier.  Trial in the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presid-

Chicago & E. I. R. R. Co. v. Neimann.

ing. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Affirmed. Opinion filed September 5, 1899.

**Statement.**—This is a suit by appellee to recover the value of seven cases and eight kegs of beer. Judgment for $45—from which this appeal.

The evidence shows that appellee, through his driver, delivered the beer at the depot of appellant at Mt. Vernon to be shipped to Pete Farthing, at Salem. That the agent of appellant at the depot said he was busy, and after being told to whom the beer was to be shipped, said, " Well, I will just put that down, and do not need a bill of lading," and showed where to put the beer on the platform. Subsequently the agent telephoned appellee to know where the beer was to be sent, and was told to Pete Farthing, at Salem. The beer was not billed to Farthing, but was billed to the depot agent of appellant, at Salem. While there is a conflict in the evidence, there is sufficient evidence to sustain a finding by the jury that the delay in delivery at Salem was through the failure of appellant to bill the beer to Farthing, and that on account of this delay, the keg beer was injured in quality, and for this reason was not received by Farthing. Appellant refused to deliver the case beer unless Farthing would also receive the keg beer. All was then reshipped to Mt. Vernon by appellant. Appellee offered to take back the case beer, but declined to receive the keg beer on the ground that it was spoiled. Appellant refused to deliver the case beer to appellee unless freight charges were paid.

W. H. LYFORD and E. H. SENEFF, attorneys for appellant.

H. G. JONES, E. M. PEAVLER and CONRAD SCHUL, attorneys for appellee.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

The failure to deliver the beer under this evidence was due to the neglect of appellant's agent to bill it to Far-

274    APPELLATE COURTS OF ILLINOIS.

thing, at Salem, as he had promised appellee to do.   For this neglect appellant is liable.   Appellee was not chargeable for freight to and from Salem, when, by appellant's fault, the beer was not delivered; and was not therefore entitled to insist upon freight charges before delivering the case beer when appellee offered to take it back.

We find no error in the instructions given for appellee.

The instructions given for appellant embraced all that was proper to be given that is contained in the refused instructions.   Judgment affirmed.